**David B. BUERGER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 64-828.

United States District Court
W. D. Pennsylvania.

April 22, 1965.

David B. Buerger, Pittsburgh, Pa., pro se.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

SORG, District Judge.

This is a suit for refund of excise taxes on dues and assessments which plaintiff alleges were erroneously collected. Jurisdiction is based on 28 U.S.C.A. § 1346. The essential facts are not in dispute and both parties have moved for summary judgment.

The plaintiff, David B. Buerger, is a member of the Wildwood Country Club. On November 4, 1960, the Board of Directors of the said club adopted the following resolution which was in effect at all times pertinent to this action:

> "RESOLVED, that a minimum of $20.00 per month per member be established on house charges starting December 1, 1960. This minimum monthly house charge is exclusive of dues, initiation fees, pro shop sales and gratuities."

If at the end of each month it was ascertained that any particular member had not made purchases of $20.00 or more from the dining room and bar of the club for that month a charge representing the difference between what he had spent and $20.00 was imposed upon the said member, but if he had in fact

1

purchased food and drink worth $20.00 or more, no charge was imposed. The payment of this $20.00 monthly minimum was a condition of membership.

During the period August 1, 1961, through December 31, 1962, the plaintiff's dining room and bar purchases exceeded $20.00 each month and he was not billed for any "house charges" over and above his actual purchases during that period. The government, taking the view that the club resolution amounted to an assessment of additional dues on each member, levied an excise tax of some $73.46 on the plaintiff for the above stated period under 26 U.S.C.A. §§ 4241, 4242, in addition to the tax on his regular membership dues. The tax was paid and a claim for refund filed, which claim the government has disallowed.

 It is significant that, in this case, the club purchases made by the plaintiff, were not, as such, subject to the excise tax, and that he was never billed for any other amount. It appears, therefore, that he was taxed for an assessment which was never made or paid. The fact that, as a condition of his continued membership, an assessment might have been made under other circumstances is of no consequence. The resolution merely authorizes assessments to be subsequently made, none of which could have been made applicable to this plaintiff at any time during the period involved. Payments for the purchase of food are one thing—charges for social privileges or facilities are another. The tax embraces *dues and assessments paid,* and the evidence does not disclose that the plaintiff either did or would have paid any amount in excess of his purchases.

Defendant's motion for summary judgment is denied and an appropriate order for judgment in favor of the plaintiff will be entered.